Exhibit A

04/11:00 p.m. 04-10-2015    2    2103002112
04/10/15 04:17PM PDT    ->
2136253244 Pg 3/24

1 | James A. Otto, SBN: 144432
LAW OFFICE OF JAMES A. OTTO
2 | 19536 San Jose Street
Northridge, California 91326
3 | Telephone: (818) 366-8432
Facsimile: (818) 368-7757

A6037
90278#46
DEPT#46
FREDERICK C.
(HON. SHALLER)

**FILED**
Superior Court of California
County of Los Angeles

APR 10 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Dawn Alexander

4 |

5 | **REGINA ASHKINADZE (BAR NO. 256908)**
**LAW OFFICES OF REGINA ASHKINADZE**
1219 MORNINGSIDE DRIVE, SUITE 128
6 | MANHATTAN BEACH, CALIFORNIA 90266
TELEPHONE: (310) 285-8595
7 | TELEFAX: (310) 300-2112

8 | Attorneys for Plaintiff,
SALVADOR NAVARRO

9 |

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **COUNTY OF LOS ANGELES**

12 | SALVADOR NAVARRO, an individual,      CASE NO:   **BC577056**

13 |      Plaintiff,

14 | vs.      **CIVIL COMPLAINT FOR:**

15 | DHL GLOBAL FORWARDING, a California
business, form unknown; and DOES 1
16 | through 50, inclusive,

17 |      Defendants.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

1. **Intentional Infliction of Emotional Distress;**
2. **Wrongful Termination in Violation of Public Policy;**
3. **Violation of Unfair Business Practices Act;**
4. **Age Discrimination;**
5. **Disability Discrimination;**
6. **Failure to Reasonably Accommodate;**
7. **Failure to Engage in the Interactive Process;**
8. **Retaliation;**
9. **Failure to Take all Reasonable Steps to Prevent Discrimination;**
10. **Violation of Labor Code, section 1102.5.**

25 | **PLAINTIFF ALLEGES AS FOLLOWS:**

26 | **THE PARTIES**

27 |      1.      Plaintiff, SALVADOR NAVARRO (hereinafter "Plaintiff" or "NAVARRO"), is,

28 | and at all relevant times was, an individual residing in Los Angeles County, California.

Exhibit A
Page 1 of 22

2.     At all times relevant herein, Defendant DHL GLOBAL FORWARDING (hereinafter "Defendant" OR "DHL""), a California business, form unknown, was and is an entity, organized and existing under the laws of the State of California, having its principal place of operation within the County of Los Angeles.

3.     DOES ONE through FIFTY, inclusive, are sued herein pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and based on such information and belief, alleges that the DOE defendants participated, condoned, acted, and/or conspired with others in the discriminatory employment and tortious practices that harmed Plaintiff. Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under fictitious names DOES ONE through FIFTY, inclusive. Plaintiff will amend this complaint to allege their true names and capacities when the same are ascertained.

**JURISDICTION AND VENUE**

4.     The harm complained of in this Complaint occurred in Los Angeles County and all parties reside therein.

5.     Plaintiff has sustained damages in excess of the minimal jurisdictional requirement of this Court.

6.     Defendants' principal place of business operations is in Los Angeles County.

7.     On March 23, 2014, Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing (hereafter "DFEH") complaining of age and disability discrimination, among other matters. Plaintiff requested a "right-to-sue" letter, which was issued by the DFEH on March 23, 2015.

**FACTUAL ALLEGATIONS**

8.     DHL is a logistics company engaged in the business of providing shipping services to customers who desire to have items shipped to distant locations. In so doing, DHL employs more than seventy-five (75) employees.

9.     Plaintiff is an individual who was employed by DHL from November 11, 1992 to July 26, 2013. Plaintiff was employed by DHL as a driver to transport goods from the DHL facility to the Los Angeles International Airport for shipping.

10.    From November 11, 1992 to July 19, 2013, DHL refused to allow Plaintiff to take a lunch break, or rest periods as mandated by the California Labor Code. In fact, DHL requires all drivers to sign a form waiving their right to lunch or breaks on threat of job termination.

11.    DHL knew that Plaintiff was/is a diabetic, which made achievement of his job duties more difficult. Plaintiff informed, and DHL acknowledged, that Plaintiff needed to take lunch breaks to eat in order to maintain his blood sugar levels in a proper balance.

12.    However, DHL has and maintains a corporate policy of not accommodating employees with disabilities. DHL refused to allow the Plaintiff to take his legally mandated lunch period and refused to reasonably accommodate Plaintiff's disability by allowing him a lunch period.

13.    Plaintiff is fifty-five (55) years old. He had worked for DHL for over 21 years before he was fired.

14.    Additionally, for at least the last five years of his employment with DHL, Plaintiff was called derogatory names by DHL managers pertaining to DHL'S belief that Plaintiff was too old to be working at DHL, which has a pattern and practice of hiring only younger employees. In keeping with this corporate pater and practice, DHL managers insisted that Plaintiff retire since he was too old to work for DHL.

15.    DHL became upset with Plaintiff when he refused to quit and/or retire since Plaintiff was still fit and competent to keep working. In fact, over the 21 years of Plaintiff's tenure at DHL, Plaintiff had been an exemplary worker for DHL.

16.    Because Plaintiff refused to quit or retire, DHL management decided to concoct a false reason to fire Plaintiff. On July 19, 2013, Plaintiff was ordered by DHL not to take lunch and to make 4 deliveries and one pick-up immediately one after another. DHL ordered Plaintiff to do this knowing that Plaintiff would eventually get dizzy and would have to stop because of Plaintiff's diabetes, since he would not have had the opportunity to eat any food.

17.    During the deliveries, Plaintiff did become dizzy because no time was given to Plaintiff to eat any food. After making all of the deliveries scheduled by DHL in a timely manner, and making the recovery of a pick-up of cargo, Plaintiff was forced to stop his truck on the

1   roadside for a total period of 10 minutes in order to drink water and eat an orange, because

2   Plaintiff started to feel dizzy while driving back to the base warehouse.  Plaintiff drank water and

3   ate the orange while seated in the truck and simultaneously filling out his DHL paperwork.

4       18.    Thereafter, DHL fired Plaintiff for taking lunch in order to alleviate his dizziness

5   induced by the lack of food, which DHL referred to as an "unauthorized stop".

6   **FIRST CAUSE OF ACTION**

7   **[Intentional Infliction of Emotional Distress]**

8       19.    Plaintiff realleges and incorporates herein by reference each and every allegation

9   contained in each and every paragraph above, inclusive.

10      20.    The facts alleged in paragraphs eight (8) through eighteen (18) constitute

11  Defendants', and each of them, extreme and outrageous behavior.  At all relevant times herein,

12  Defendants, and each of them, were aware of Plaintiff's concern for his emotional needs, financial

13  needs, medical needs, employment conditions and the welfare of this family.  The conduct of

14  Defendants, and each of them, as hereinabove alleged was intentional and malicious, and was

15  done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and severe

16  emotional and physical distress.  The conduct of Defendants, and each of them, was done with the

17  knowledge that it would cause severe emotional distress and was done with a wanton and reckless

18  disregard of the consequences to Plaintiff.  The conduct of Defendants, and each of them, was

19  extreme and outrageous.

20      21.    In short, DHL desired, planned, and did intentionally inflict emotional distress

21  upon Plaintiff.

22      22.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered

23  lost wages and other benefits of employment in an amount to be proven at trial.

24      23.    As a further direct and proximate result of the acts of Defendants, Plaintiff has

25  sustained extreme emotional distress and pain and suffering all in an amount to be proven at trial.

26      24.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

27  malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

28  safety, and economic condition, under California Civil Code section 3294, thereby entitling

1 | Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

2 | Defendants and DOES 1 through 50, inclusive.

3 |      25.    Defendants' conduct described herein was undertaken by the corporate defendants'

4 | officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

5 | the supervision and operations, communications and/or decisions. The aforementioned conduct of

6 | said managing agents and individuals was therefore undertaken on behalf of the corporate

7 | defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

8 | said individuals whose actions and conduct were ratified, authorized and approved by managing

9 | agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

10 | and designated herein as DOES 1 through 50, inclusive.

11 | **SECOND CAUSE OF ACTION**

12 | **[Wrongful Employment Termination in Violation of a Public Policy]**

13 |      26.    Plaintiff realleges and incorporates herein by reference each and every allegation

14 | contained in each and every paragraph above, inclusive.

15 |      27.    Section 8 of the California Constitution and California Government Code, section

16 | 12920, et. seq., and Title VII, make it a civil right to be free from discrimination, including

17 | discrimination based on disability, age, retaliation and/or hostile work place, as well as, Civil

18 | Code, section 51, that prohibit and render actionable any conduct of discriminating or retaliating

19 | against any individual/employee because of the individual's age and/or disability.

20 |      28.    The facts alleged in paragraphs eight (8) through eighteen (18) establish that

21 | Defendants engaged in conduct that violated the public policies set forth in the various statutes and

22 | constitutional provisions.

23 |      29.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered

24 | lost wages and other benefits of employment in an amount to be proven at trial.

25 |      30.    As a direct and proximate result of the conduct of Defendants, Plaintiff has

26 | sustained emotional distress and pain and suffering all in an amount to be proven at trial.

27 |      31.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

28 | malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

1    safety, and economic condition, under California Civil Code section 3294, thereby entitling

2    Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

3    Defendants and DOES 1 through 50, inclusive.

4        32.    Defendants' conduct described herein was undertaken by the corporate defendants'

5    officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

6    the supervision and operations, communications and/or decisions. The aforementioned conduct of

7    said managing agents and individuals was therefore undertaken on behalf of the corporate

8    defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

9    said individuals whose actions and conduct were ratified, authorized and approved by managing

10   agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

11   and designated herein as DOES 1 through 50, inclusive.

12                        **THIRD CAUSE OF ACTION**

13                   **[Violation of the Unfair Business Practices Act]**

14       33.    Plaintiff realleges and incorporates herein by reference each and every allegation

15   contained in each and every paragraph above, inclusive.

16       34.    The Business & Professions Code Section 17200 prohibits any and all means or

17   acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice

18   and unfair, deceptive, untrue or misleading advertising and any act prohibited by [law]."

19       35.    The facts alleged in paragraphs eight (8) through eighteen (18) establish that

20   Defendants engaged in unfair competition by conduct that included unlawful, unfair, fraudulent,

21   deceptive, untrue or misleading statements and certifications, and other acts prohibited by law, as

22   described in paragraphs eight (8) through eighteen (18) above.

23       36.    As a direct and proximate result of the conduct of Defendants, and each of them,

24   Plaintiff has suffered lost wages and other benefits of employment in an amount to be proven at

25   trial.

26       37.    As a further direct and proximate result of the acts of Defendants, and each of

27   them, Plaintiff has sustained emotional distress and pain and suffering all in an amount to be

28   proven at trial.

38.   Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health, safety, and economic condition, under California Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of Defendants and DOES 1 through 50, inclusive.

39.   Defendants' conduct described herein was undertaken by the corporate defendants' officers or managing agents, identified herein as DOES 1 through 50, who were responsible for the supervision and operations, communications and/or decisions. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 50, inclusive.

## FOURTH CAUSE OF ACTION

### [Age Discrimination]

40.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in each and every paragraph above, inclusive.

41.   Government Code section 12940, subdivisions (a), (c), (d), (h), (j), and (k), provides that it is an unlawful employment practice for an employer and/or an employment agency, because of the person's age, to harass or discrimination against the employee in any way as to hiring, employing, selection to training programs or training in a job, of to bar or discharge an employee from employment or to discriminate in compensation, or in terms, conditions, or privileges of employment.  Further, an entity shall take all reasonable steps to prevent the harassment from occurring.

42.   The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations of the Fair Employment and Housing Act, Government Code section 12940, subdivisions (a), (c), (d), (h), (j), and (k), in that the Defendants, and each of them, did discriminate against Plaintiff on the basis of his age.  Furthermore, Defendants, and each of them, subjected Plaintiff to harassment

1  on the basis of his age thereby creating a hostile, offensive and intimidating work environment.

2       43.    As a direct and proximate result of the employment discrimination described in this

3  cause of action, Plaintiff have suffered lost wages and other benefits of employment in an amount

4  to be proven at trial.

5       44.    As a further direct and proximate result of Defendants, and each of them, unlawful

6  acts, Plaintiff has sustained serious personal injuries, including, but not limited to, emotional

7  distress, pain and suffering, all in an amount to be proven at trial.

8       45.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

9  malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

10  safety, and economic condition, under California Civil Code section 3294, thereby entitling

11  Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

12  Defendants and DOES 1 through 50, inclusive.

13       46.    Defendants' conduct described herein was undertaken by the corporate defendants'

14  officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

15  the supervision and operations, communications and/or decisions. The aforementioned conduct of

16  said managing agents and individuals was therefore undertaken on behalf of the corporate

17  defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

18  said individuals whose actions and conduct were ratified, authorized and approved by managing

19  agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

20  and designated herein as DOES 1 through 50, inclusive.

21                          **FIFTH CAUSE OF ACTION**

22                          **[Disability Discrimination]**

23       47.    Plaintiff realleges and incorporates herein by reference each and every allegation

24  contained in each and every paragraph above, inclusive.

25       48.    Government Code sections 12926 and 12940, subdivision (a), state that it is an

26  unlawful employment practice for an employer to discharge a person from employment or to

27  discriminate against a person in terms, conditions, or privileges of employment on the grounds of

28  a physical disability, either actual or perceived.

49.     The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations of the Fair Employment and Housing Act, Government Code section 12940, subdivision (a) in that the Defendant discriminated against Plaintiff on the basis of his disability, both actual and perceived, by suspending him from work for seeking and receiving medical treatment for his own serious health condition and by failing to attempt to reasonably accommodate his disability and by failing to engage in informal discussion to informally resolve the issue of reasonable accommodation.

50.     As a direct and proximate result of Defendant's conduct described in this cause of action, Plaintiff has suffered lost wages, lost employment and related benefits, and out of pocket expenses, in an amount to be proven at trial.

51.     As a further direct and proximate result of the breach of duty described in this cause of action, Plaintiff has suffered serious personal injuries, including emotional distress, pain and suffering and continues to suffer severe bouts of anxiety, frustration, humiliation, embarrassment, anguish and emotional distress, all in an amount to be proven at the time of trial.

52.     Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health, safety, and economic condition, under California Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of Defendants and DOES 1 through 50, inclusive.

53.     Defendants' conduct described herein was undertaken by the corporate defendants' officers or managing agents, identified herein as DOES 1 through 50, who were responsible for the supervision and operations, communications and/or decisions. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 50, inclusive.

## SIXTH CAUSE OF ACTION

### [Failure to Reasonably Accommodate]

54.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in each and every paragraph above, inclusive.

55.    Government Code section 12940, subdivision (m), makes it an unlawful employment practice for an employee to fail to make reasonable accommodation for a known disability, either actual or perceived, and to fail to engage in an interactive process to find a reasonable accommodation.

56.    The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations of the Fair Employment and Housing Act, Government Code section 12940, subdivision (m) in that Defendant had knowledge of Plaintiff's disability and of Plaintiff's demand for reasonable accommodations, both general and specific. Yet, Defendant refused to either attempt or to provide any reasonable accommodation for Plaintiff.

57.    As a direct and proximate result of Defendant's conduct described in this cause of action, Plaintiff has suffered lost wages, lost employment and related benefits, and out of pocket expenses, in an amount to be proven at the time of trial.

58.    As a further direct and proximate result of the breach of duty described in this cause of action, Plaintiff has suffered serious personal injuries, including emotional distress, pain and suffering and continues to suffer severe bouts of anxiety, frustration, humiliation, embarrassment, anguish and emotional distress, all in an amount to be proven at the time of trial.

59.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health, safety, and economic condition, under California Civil Code section 3294, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of Defendants and DOES 1 through 50, inclusive.

60.    Defendants' conduct described herein was undertaken by the corporate defendants' officers or managing agents, identified herein as DOES 1 through 50, who were responsible for the supervision and operations, communications and/or decisions. The aforementioned conduct of

04:11:00 p.m. 04-10-2015   13   3103002112
04/10/15  04:17PM  PDT  ->                           2136253244 Pg13/24

1  said managing agents and individuals was therefore undertaken on behalf of the corporate

2  defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

3  said individuals whose actions and conduct were ratified, authorized and approved by managing

4  agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

5  and designated herein as DOES 1 through 50, inclusive.

### SEVENTH CAUSE OF ACTION

**[Failure to Engage in Interactive Process]**

8      61.     Plaintiff realleges and incorporates herein by reference each and every allegation

9  contained in each and every paragraph above, inclusive.

10     62.     Government Code section 12940, subdivision (n), makes it an unlawful

11  employment practice for an employer to fail to engage in an effective, interactive process to find a

12  reasonable accommodation, even after Plaintiff made demands for reasonable accommodation,

13  both specific and general.

14     63.     The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations

15  of the Fair Employment and Housing Act, Government Code section 12940, subdivision (m) in

16  that Defendant had knowledge of Plaintiff's disability.  Defendant refused to consider or

17  investigate any accommodation for Plaintiff.

18     64.     As a direct and proximate result of Defendant's conduct described in this cause of

19  action, Plaintiff has suffered lost wages, lost employment and related benefits, and out of pocket

20  expenses, in an amount to be proven at the time of trial.

21     65.     As a further direct and proximate result of the breach of duty described in this

22  cause of action, Plaintiff has suffered serious personal injuries, including emotional distress, pain

23  and suffering and continues to suffer severe bouts of anxiety, frustration, humiliation,

24  embarrassment, anguish and emotional distress, all in an amount to be proven at the time of trial.

25     66.     Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

26  malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

27  safety, and economic condition, under California Civil Code section 3294, thereby entitling

28  Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

1  Defendants and DOES 1 through 50, inclusive.

2      67.    Defendants' conduct described herein was undertaken by the corporate defendants'

3  officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

4  the supervision and operations, communications and/or decisions. The aforementioned conduct of

5  said managing agents and individuals was therefore undertaken on behalf of the corporate

6  defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

7  said individuals whose actions and conduct were ratified, authorized and approved by managing

8  agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

9  and designated herein as DOES 1 through 50, inclusive.

10                      **EIGHTH CAUSE OF ACTION**

11                           **[Retaliation]**

12      68.    Plaintiff realleges and incorporates herein by reference each and every allegation

13  contained in each and every paragraph above, inclusive.

14      69.    Government Code section 12940, subdivision (h), provides that it is an unlawful

15  employment practice for an employer or any person, to discharge, expel, or otherwise discriminate

16  against any person because the person has opposed any practices forbidden under the Fair

17  Employment and Housing Act.

18      70.    The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations

19  of the Fair Employment and Housing Act, Government Code section 12940, subdivision (a) in that

20  Defendant took adverse employment action of not allowing Plaintiff to return to work because of

21  Plaintiff's disability and age, and because Plaintiff demanded return to work and reasonable

22  accommodations.

23      71.    As a direct and proximate result of Defendant's conduct described in this cause of

24  action, Plaintiff has suffered lost wages, lost employment and related benefits, and out of pocket

25  expenses, in an amount to be proven at the time of trial.

26      72.    As a further direct and proximate result of the breach of duty described in this

27  cause of action, Plaintiff has suffered serious personal injuries, including emotional distress, pain

28  and suffering and continues to suffer severe bouts of anxiety, frustration, humiliation,

1 embarrassment, anguish and emotional distress, all in an amount to be proven at the time of trial.

2    73.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

3 malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

4 safety, and economic condition, under California Civil Code section 3294, thereby entitling

5 Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

6 Defendants and DOES 1 through 50, inclusive.

7    74.    Defendants' conduct described herein was undertaken by the corporate defendants'

8 officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

9 the supervision and operations, communications and/or decisions. The aforementioned conduct of

10 said managing agents and individuals was therefore undertaken on behalf of the corporate

11 defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

12 said individuals whose actions and conduct were ratified, authorized and approved by managing

13 agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

14 and designated herein as DOES 1 through 50, inclusive.

15                    **NINTH CAUSE OF ACTION**

16             **[Failure to Take all Reasonable Steps to Prevent Discrimination]**

17    75.    Plaintiff realleges and incorporates herein by reference each and every allegation

18 contained in each and every paragraph above, inclusive.

19    76.    Government Code section 12940, subdivisions (k), provides that it is an unlawful

20 employment practice for an employer and/or an employment agency to Fail to Take all Reasonable

21 Steps to Prevent Discrimination against the employee in any way as to hiring, employing,

22 selection to training programs or training in a job, of to bar or discharge an employee from

23 employment or to discriminate in compensation, or in terms, conditions, or privileges of

24 employment. Further, an entity shall take all reasonable steps to prevent the harassment from

25 occurring.

26    77.    The facts alleged in paragraphs eight (8) through eighteen (18) constitute violations

27 of the Fair Employment and Housing Act, Government Code section 12940, subdivision (k) in

28 that the Defendants, and each of them, did to Fail to Take all Reasonable Steps to Prevent

1  Discrimination against the Plaintiff.

2      78.    As a direct and proximate result of the employment discrimination described in this

3  cause of action, Plaintiff has suffered lost wages and other benefits of employment in an amount to

4  be proven at trial.

5      79.    As a further direct and proximate result of Defendants, and each of them, unlawful

6  acts, Plaintiff has sustained serious personal injuries, including, but not limited to, emotional

7  distress, pain and suffering, all in an amount to be proven at trial.

8      80.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

9  malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

10  safety, and economic condition, under California Civil Code section 3294, thereby entitling

11  Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

12  Defendants and DOES 1 through 50, inclusive.

13     81.    Defendants' conduct described herein was undertaken by the corporate defendants'

14  officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

15  the supervision and operations, communications and/or decisions. The aforementioned conduct of

16  said managing agents and individuals was therefore undertaken on behalf of the corporate

17  defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

18  said individuals whose actions and conduct were ratified, authorized and approved by managing

19  agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

20  and designated herein as DOES 1 through 50, inclusive.

21                    **TENTH CAUSE OF ACTION**

22                 **[Violation of Labor Code section 1102.5]**

23     82.    Plaintiff realleges and incorporates herein by reference each and every allegation

24  contained in each and every paragraph above, inclusive.

25     83.    Labor Code section 1102.5 provides that an employer may neither retaliate against

26  an employee who reports to a governmental agency his/her reasonable belief that the employer

27  violated state or federal laws nor may the employer retaliate against the employee who refused to

28  participate in an activity that the employee reasonably believes would result in violation of state or

1  federal law.

2       84.    The facts alleged in paragraphs eight (8) through eighteen (18) establish that DHL

3  engaged in improper activity in violation of the mandates of FEHA and the California

4  Constitution. Plaintiff complained to DHL about the various violations of federal and state laws.

5  Plaintiff refused to participate in an activity that he and DHL reasonably believed would result in

6  violation of state or federal law. DHL retaliated against Plaintiff for his refusal to participate in

7  such illegal activities by management.

8       85.    As a direct and proximate result of DHL's wrongful conduct, Plaintiff has suffered

9  lost wages and other benefits of employment in an amount to be proven at the time of trial.

10      86.    As a further direct and proximate result of DHL's unlawful acts, Plaintiff has

11  sustained serious personal injuries, including, but not limited to, emotional distress, pain and

12  suffering, all in an amount to be proven at the time of trial.

13      87.    Plaintiff alleges that the conduct of the Defendants, as alleged hereinabove, was

14  malicious, oppressive or fraudulent, or taken in conscious disregard to Plaintiff's rights, health,

15  safety, and economic condition, under California Civil Code section 3294, thereby entitling

16  Plaintiff to an award of punitive damages in an amount appropriate to punish or set an example of

17  Defendants and DOES 1 through 50, inclusive.

18      88.    Defendants' conduct described herein was undertaken by the corporate defendants'

19  officers or managing agents, identified herein as DOES 1 through 50, who were responsible for

20  the supervision and operations, communications and/or decisions. The aforementioned conduct of

21  said managing agents and individuals was therefore undertaken on behalf of the corporate

22  defendant. Said corporate defendant further had advanced knowledge of the actions and conduct of

23  said individuals whose actions and conduct were ratified, authorized and approved by managing

24  agents whose precise identities are unknown to Plaintiff at this time and are therefore identified

25  and designated herein as DOES 1 through 50, inclusive.

26                               **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff and

28  order the Defendant to do the following:

1.   As to the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 10th causes of action, order Defendants, and each of them respectively, to pay compensatory damages to Plaintiffs for lost earnings and other benefits of employment, according to proof, with interest at the applicable legal rate, including, but not limited to, tripling of actual damages pursuant to Civil Code section 52, subdivision (a) and (h).

2.   As to the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 10th causes of action, order Defendants, and each of them, respectively, to pay compensatory damages to Plaintiff to compensate for the emotional distress they suffered as a direct and proximate result of Defendants' unlawful conduct, according to proof, including, but not limited to, tripling of actual damages pursuant to Civil Code section 52, subdivision (a) and (h).

3.   As to the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 10th causes of action, order Defendants, and each of them, respectively, to pay punitive damages to Plaintiff to compensate for the malicious, fraudulent and oppressive conduct of Defendants, according to proof.

4.   As to the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 10th causes of action, enjoin Defendants, and each of them, its successors, agents, employees and all other persons acting on its behalf, to cease and desist from refusing to comply with the statutory provisions described above.

5.   As to all causes of action, order such other and further relief as the Court may deem just and proper, including attorney fees and pre-judgment interest.

Dated:  April 10, 2015                    LAW OFFICES OF REGINA ASHKINADZE


By:  _____
      Regina Ashkinadze,
      Attorneys for Plaintiff SALVADOR
      NAVARRO

04:11:00 p.m. 04-10-2015    19    8103002112

04/10/15 04:17PM PDT  ->    ●    2130253244 Pg19/24

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Regina Ashkinadze (SBN 256908)
1219 Morningside Drive, Suite 128
Manhattan Beach, CA 90266

TELEPHONE NO.: 310-285-8595    FAX NO.: 310-300-2112
ATTORNEY FOR (Name): Salvador Navarro

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
Salvador Navarro v. DHL Global Forwarding

**FILED**
Superior Court of California
County of Los Angeles

APR 10 2015

Sherri R. Carter, Executive Officer/Clerk
By _Dawn Ata_ Deputy
Dawn Alexander

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **BC 5 77 0 5 6** |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action (specify): 10, employment discrimination, wrongful termination, retaliation
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 10, 2015
Regina Ashkinadze
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

21

Exhibit A
Page 17 of 22

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A
Page 18 of 22

04/10/15 04:17PM PDT  ->                                    2138253244 Pg21/24

| SHORT TITLE: Navarro v. DHL Global Forwarding | CASE NUMBER | BC 5 77 056 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 7-10  ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | | | |
|---|---|---|---|
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*(Left margin label: Auto Tort / Other Personal Injury/Property Damage Wrongful Death Tort)*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A
Page 19 of 22

23

04/10/15  04:17PM PDT  ->                                    2136253244 Pg22/24

| SHORT TITLE: Navarro v. DHL Global Forwarding | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
24

Local Rule 2.0
Page 2 of 4      Exhibit A
Page 20 of 22

04/11:00 p.m. 04-10-2015    22    8103002112
04/10/15  04:17PM  PDT  —>                        2136253244 Pg23/24

| SHORT TITLE: Navarro v. DHL Global Forwarding | | CASE NUMBER | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims involving Mass Tort (40) | ☐ A6006  Claims involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

04/10/15  04:17PM  PDT  ->                    2136253244  Pg24/24
04:11:00 p.m. 04-10-2015   26   2103002112

| SHORT TITLE: Navarro v. DHL Global Forwarding | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

**REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**

☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10.

ADDRESS:
4000 Redondo Beach Ave #103

| CITY: Redondo Beach | STATE: CA | ZIP CODE: 90278 |
| --- | --- | --- |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 10, 2015

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.