UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5510-CAS(Ex) | Date | December 22, 2017 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** (IN CHAMBERS) PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST (Dkt. 96, filed October 23, 2017)

Before the Court is plaintiff Salvador Navarro's motion for prejudgment interest on the jury's damages award for past lost wages in this wrongful termination action. Dkt. 96 ("Mot."). Defendant DHL Global Forwarding opposes the motion on the ground that plaintiff's damages for lost wages for the years 2013 through 2017 were not readily ascertainable at the time of his termination on July 26, 2013. Dkt. 97 ("Opp'n"). For the following reasons, the Court denies plaintiff's motion.

Federal courts have discretion to award prejudgment interest for backpay. Domingo v. New England Fish Co., 727 F.2d 1429, 1446 (9th Cir. 1984). "In diversity cases, state law governs the award of prejudgment interest." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1522 (9th Cir. 1985). Under California law, prejudgment interest is recoverable in any action in which damages are "certain, or capable of being made certain by calculation" and the "right to recover . . . is vested in the [plaintiff] upon a particular day." Cal. Civ. Code § 3287(a). The test for determining certainty under § 3287(a) is "whether defendant actually knows the amount owed or from reasonably available information could . . . have computed that amount." Roodenburg v. Pavestone Co., L.P., 171 Cal. App. 4th 185, 191 (2009). In the employment context, the "fact that the amount of backpay is not readily determinable weighs against awarding prejudgment interest." Domingo, 727 F.2d at 1446. In addition, a large disparity between the amount of damages demanded by the plaintiff and the size of the award militates against a finding of certainty. Wisper Corp. v. California Commerce Bank, 49 Cal. App. 4th 948, 961 (1996) (plaintiff not entitled to prejudgment interest where defendant found liable for 25 percent of claimed damages).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5510-CAS(Ex) | Date | December 22, 2017 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

On May 17, 2017, the jury returned a verdict for plaintiff and awarded him $1,530,000 in damages, including $300,000 in past lost wages. Dkt. 83. At trial, plaintiff testified that he was paid $25.52 per hour and that his total compensation varied from year to year depending on the number of hours worked and whether he received overtime pay. Opp'n, Ex. 1 at 4–5. Plaintiff testified that he earned $80,658.35 in 2010, $89,587.17 in 2011, $80,195.46 in 2012, and approximately $53,000 in 2013 before he was terminated. Id. at 4–6. In closing, plaintiff's counsel indicated that plaintiff was paid $51,473 for the first 29 weeks of 2013, and accordingly estimated that plaintiff would have earned $48,802 for the remainder of 2013. Opp'n, Ex. 2 at 4. Counsel emphasized that plaintiff "does not have to prove . . . the exact amount of damages . . . with any kind of precision." Based on plaintiff's earnings from 2011 through 2013, counsel indicated that his average yearly compensation was $87,428. Plaintiff was unemployed for a year and a half following his termination, and when plaintiff was re-hired, he earned only $13 per hour. Based on these figures and estimates, counsel extrapolated that plaintiffs lost wages were $40,802 for 2013, $87,428 for 2014, $63,428 for 2015, and $63,428 for 2016—totaling $255,086. Id. at 4–6. The jury awarded $300,000 for past lost wages, approximately 15 percent more than the amount requested.

The California Constitution provides that, in the absence of any legislative act to the contrary, the rate of prejudgment interest is seven percent. Cal. Const., art. XV, § 1. Accordingly, plaintiff seeks prejudgment interest on the $300,000 jury award at a rate of seven percent per annum, simple interest (not compounded), from the date of termination, July 26, 2013, until the date judgment is entered. Mot. at 8. Defendant argues that an award of prejudgment interest is not appropriate here because plaintiff's anticipated lost wages from mid-2013 through 2017 were not readily determinable or capable of being computed from the information available to defendant when plaintiff was terminated on July 26, 2013. Opp'n at 3–4. Based on plaintiff's proposed damages calculations and the substantial disparity between the amount of damages requested and the jury award, the Court agrees that the lost-wages damages measure would not have been readily ascertainable to defendant on the date of plaintiff's termination. Plaintiff's total compensation varied considerably from year to year because he did not have a guaranteed salary level. Defendant also had no way of knowing whether and when plaintiff would be hired by a different employer following his termination nor what his future compensation would be. Accordingly, any potential recoverable damages could not be "certain or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). Plaintiff has not demonstrated that defendant "actually [knew] the amount owed or from reasonably available information could . . . have computed that amount" such that his lost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5510-CAS(Ex) | Date | December 22, 2017 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

wages were certain for the purposes of awarding prejudgment interest. Roodenburg, 171 Cal. App. 4th at 191.

Accordingly, the Court **DENIES** plaintiff's motion for prejudgment interest on the jury award for past lost wages. Plaintiff is hereby directed to submit a proposed judgment.

**IT IS SO ORDERED**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |