UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Dkt. 124, filed March 23, 2018)

## I. INTRODUCTION & BACKGROUND

On April 10, 2015, plaintiff Salvador Navarro filed this employment discrimination action in Los Angeles County Superior Court against defendant DHL Forwarding and Does 1–50 inclusive. Dkt. 1-1. Defendant removed the case to this Court on July 21, 2015. Dkt. 1. On March 6, 2017, the Court granted in part and denied in part defendant's motion for summary judgment. Dkt. 43. On May 9, 2017, the case proceeded to a jury trial on five claims: (1) wrongful termination in violation of public policy, (2) failure to reasonably accommodate plaintiff's disability in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 et seq., (3) failure to engage in an interactive process in violation of FEHA, (4) failure to take all reasonable steps to prevent discrimination in violation of FEHA, and (5) disability discrimination in violation of FEHA. Dkts. 50, 60. On May 17, 2017, the jury returned a verdict for plaintiff on all five claims and awarded him $1,530,000 in damages. Dkt. 83. On October 4, 2017, the Court denied defendant's post-trial motions. Dkt. 95. The Court entered judgment on March 13, 2018. Dkt. 122.

On March 23, 2018, plaintiff filed the above-captioned motion for attorneys' fees. Dkt. 124 ("Mot."). On April 4, 2018, defendant filed its opposition, dkt. 125 ("Opp'n"); and plaintiff filed a reply on April 9, 2018, dkt. 128 ("Reply"). The Court held a hearing on April 30, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

## II. LEGAL STANDARD

Under FEHA, the Court has discretion to award reasonable attorneys' fees to the prevailing party. Cal. Gov't Code § 12965(b). Generally, "[a]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent* in litigating the action to a successful conclusion." Horsford v. Bd. of Trustees of Cal. State Univ., 132 Cal. App. 4th 359, 394 (2005) (citations and internal quotations omitted) (emphasis in original). In order to accomplish the legislative purpose of "assuring the availability of counsel to bring meritorious actions under FEHA, the goal of an award of attorney's fees is to fix a fee at the fair market value for a particular action." Id. at 394 (citing Ketchum v. Moses, 24 Cal.4th 1122, 1132 (2001)) (internal quotations omitted).

Both federal and California courts have adopted the lodestar method for calculating reasonable attorneys' fees. Chavez v. City of Los Angeles, 47 Cal.4th 970, 984–85 (2010). The lodestar is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate. Greene v. Dillingham Constr. N.A. Inc., 101 Cal. App. 4th 418, 422 (2002). In determining whether the plaintiff's claimed hours are reasonable, a court must review attorneys' time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients. Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983). The court must assess whether the hours claimed are vague, block-billed, excessive or duplicative, or whether the hours in their entirety must be reduced because of limited success in the action. Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012); Chavez, 47 Cal.4th at 989. To assist the court with this exercise of its discretion, "[t]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

In calculating the lodestar amount, the court considers any relevant factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976).[1] To the extent that the Kerr factors are not addressed in the calculation of the

---

[1] The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward with a multiplier, once the lodestar has been calculated. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1212 (9th Cir. 1986). However, there is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262.

## III. DISCUSSION

Plaintiff seeks an award of attorneys' fees in the amount of $522,112.50 for James A. Otto ("Otto") and $103,837.50 for Regina Ashkinadze ("Ashkinadze") adjusted by a multiplier of 2.5, which brings the total requested fees to $1,564,875. Defendant argues there is no reasonable basis to apply a multiplier in this case and asks the Court to exclude excessive, redundant and otherwise non-recoverable fees.

### A. Reasonable Hourly Rate

In determining a reasonable hourly rate, a court should look to the prevailing market rates in the relevant legal community. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). By multiplying this rate by the number of hours expended on the litigation, the fee award will "roughly approximate[ ] the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Id. In determining a reasonable hourly rate, a district court should consider "the experience, skill, and reputation of the attorney requesting fees." Chalmers, 796 F.2d at 1210; see also Moreno v. City of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008) (factors to consider include the novelty and difficulty of the issues, the experience of counsel, and fee awards in similar cases).

In support of the attorneys' fees request, plaintiff submits declarations by his counsel in addition to five declarations by trial attorneys practicing in employment and general litigation in the Los Angeles area. See dkt. 124-1. Plaintiff's requested lodestar amount is based on an hourly billing rate of $650 per hour for Otto and $450 per hour for Ashkinadze. Mot. at 16. Otto is a sole practitioner with over 28 years of employment litigation experience. Declaration of James A. Otto ("Otto Decl.") ¶¶ 3–6. Ashkinadze, also a sole practitioner, has 10 years of employment and civil rights litigation experience.

---

imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d at 69–70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

Declaration of Regina Ashkinadze ("Ashkinadze Decl.") ¶¶ 3–6. Todd F. Nevell, Mark Lieber, Ali Moghaddami, Loren Nizinski and Stephen C. Ball submitted declarations stating that the requested rates are reasonable for attorneys of similar skill, experience, and reputation for work of similar complexity. Dkt. 124-1. Defendant does not dispute that the hourly rates requested by plaintiff's counsel are reasonable. Accordingly, the Court finds that the requested rates are commensurate with the experience and skill of counsel and the prevailing market rates for similar work in the relevant community.

### B. Reasonable Hours

Plaintiff requests a lodestar of $522,112.50 for Otto based on approximately 803.25 attorney hours incurred between March 2014 and April 2018, and $103,837.50 for Ashkinadze based on approximately 230.75 hours incurred between July 2015 and April 2018, totaling $625,950. Mot. at 16–17. Defendant raises several objections to the number of hours for which plaintiff seeks to recover. Opp'n at 3–10. The Court addresses defendant's arguments in turn.

#### 1. Excessive and Redundant Hours

Defendant argues that Otto spent excessive time reviewing routine filings. Opp'n at 3–4. For example, Otto spent 30 minutes reviewing the Court's order setting a Rule 26 Conference, 1.25 hours reviewing defense counsel's motion for admission *pro hac vice*, and one hour reviewing a request to appear at a status conference telephonically. See Otto Decl., Ex. 2 at lines 20–22, 24–25, 39–42. Defendant asks the Court to exclude a total of 90.25 hours, amounting to $58,662.50, that were allegedly excessive for the task described in his time entries. Opp'n at 4; see Declaration of Anthony C. White ("White Decl."), Ex. A. The majority of these disputed time entries relate to work performed by Otto in opposition to defendant's motion for summary judgment and post-trial motions. See id. Defendant further requests that the Court exclude 2.75 hours, amounting to $1,787.50, for several redundant billing entries. Opp'n at 4.

Plaintiff concedes that one of Otto's time entries contains a typographical error such that 1.75 hours should be excluded from the lodestar as excessive. He also concedes that three time entries are vague and accordingly 1.5 hours should also be excluded. Reply at 22. Plaintiff requests an additional 12 hours of attorney time spent by Otto preparing the reply brief for the instant motion, for a total adjusted lodestar of $518,862.50 for 798.25 hours of work. Id. However, plaintiff contends that the remainder of the disputed entries were reasonably necessary and consistent with his professional responsibilities. Reply at 12. Having reviewed the time entries to which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

defendant objects, the Court finds that only two hours spent by Otto reviewing docket entries related to a *pro hac vice* application and a request to appear telephonically are excessive and should be excluded. The Court will also exclude one hour of attorney time based on redundant entries that were not withdrawn by plaintiff. The Court otherwise finds that the hours expended by Otto were not excessive or redundant.

### 2. Vague Entries

Defendant argues that several of Otto's entries are vague and lack sufficient detail to demonstrate that his hours were reasonable. Opp'n at 5–6. Defendant accordingly seeks to exclude 16.75 hours, amounting to $10,887.50, from Otto's lodestar figure. Id.; see White Decl., Ex. B. The majority of the disputed entries are 15-minute billing increments described according to the text of electronic case filing notifications, for example "Activity in Case 2:15-cv-5510-CAS-E Salvador Navarro. DHL Global Forwarding et al Scheduling Conference." Id., Ex B. at line 46. Several entries are merely described as "Navarro v. DHL." Id., Ex B. at lines 53–55. As previously mentioned, plaintiff has withdrawn several entries, conceding vagueness. Reply at 22. Although some of the remaining entries challenged by defendants are not clearly documented, "[p]laintiff's counsel . . . is not required to record in great detail how each minute of his time was expended." Lytle v. Carl, 382 F.3d 978, 989 (9th Cir. 2004). After reviewing the disputed entries, the Court finds that plaintiff has generally satisfied his burden and thus excludes only 1.5 hours based on plaintiff's concession.

### 3. Duplicative Billing

Defendant argues that the Court should exclude 142 hours from Otto's lodestar figure totaling $96,200 because he and Ashkinadze unnecessarily duplicated one another's efforts in taking depositions and preparing for trial. Opp'n at 6–8. Specifically, defendant indicates that both Otto and Ashkinadze attended the depositions of Danny Bravo, Rafael Galban, Mark Harvey, Boyd Gumps and Juan Carlos. Id. at 6. Defendant also notes that there are discrepancies in the dates and length of the depositions, casting doubt on the reliability of the billing records. Id. at 7. Defendant further argues that counsel duplicated their efforts by collectively spending 262 hours preparing for trial. Id.; see Otto Decl., Ex 2; Ashkinadze Decl., Ex. 3. Plaintiff contends it was necessary to have two attorneys present at the depositions on account of Otto's heart condition and because counsel had separate reasons for attending and different roles during the depositions. Reply at 14–15. Plaintiff further argues that it was necessary for counsel to expend substantial time preparing for trial in light of the complexity of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

issues, the number of witnesses, plaintiff's language barrier, and the fact that plaintiff's counsel tried the case together. Id. at 15–16. Having reviewed these disputed entries, the Court declines to find that the hours spent by counsel deposing witnesses and preparing for trial were excessive, duplicative or otherwise unnecessary.

    **4.    Travel Time**

Defendant requests that the Court to exclude travel time from the lodestar. Opp'n at 8–9. Defendant indicates that although counsel stated they omitted time entries for significant time spent on travel (Otto Decl. ¶ 41; Ashkinadze Decl., ¶ 40), Otto billed 65 hours totaling $42,250 in fees for travel within the Los Angeles area and Ashkinadze similarly billed 17.5 hours totaling $7,875 for travel to and from her office and the Courthouse, see White Decl., Exs. C & D. "While the Court may in its discretion reduce the fees owed related to travel, the Court may also award travel time in full. . . . The central inquiry is whether the time sought is reasonable." Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc., No. C 09-04932 SI, 2013 WL 843036, at *7 (N.D. Cal. Mar. 6, 2013). Plaintiff asserts that the requested travel time is reasonable because it was necessary to meet with the client and potential witnesses and to appear both at depositions and in court for hearings and trial. Reply at 11. The Court agrees and accordingly declines to exclude travel time.

    **5. Clerical Tasks**

Finally, defendant requests that the Court exclude 6.25 hours billed by Otto, totaling $4,062.50 in fees, for various clerical tasks. Opp'n at 9–10. Clerical or secretarial tasks that contribute to the work product "should not be billed at a paralegal [or attorney's] rate, regardless of who performs them," and instead billed separately, at market rates, following the given practice in a community. Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992). However, purely secretarial or clerical tasks are generally not recoverable and should instead be considered a part of normal overhead costs. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (noting that "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates."). Here, the disputed entries involve making copies of, filing, and serving various documents in addition to calendaring. See Opp'n at 9. Because these task are purely clerical in nature, the Court will exclude the corresponding fees from the lodestar.

In accordance with the foregoing, the Court concludes that a total of 9.25 hours, amounting to $6,012.50 in fees, should be excluded from Otto's adjusted lodestar request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

based on excessive and redundant billing entries and non-recoverable clerical tasks. Accordingly, Otto is entitled to collect $512,850 in attorneys' fees based on 789 hours of work performed on this case. No hours will be excluded from Ashkinadze's requested lodestar figure of $103,837.50 based on 230.75 attorney hours.

### C. Adjustment of the Lodestar

"The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in 'rare' or 'exceptional' cases, supported by both specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citations omitted). Under California law, the lodestar may be adjusted based on factors including "(1) the results obtained by plaintiff's counsel; (2) the skill and quality of representation; (3) the novelty and difficulty of the questions involved; (4) the extent to which the litigation precluded other employment by the attorneys; and (5) the contingent nature of the case." Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1134–35 (E.D. Cal. 2011) (citing Serrano v. Priest, 20 Cal.3d 25, 49, (1977) and Lealao v. Beneficial Cal., Inc., 82 Cal. App. 4th 19, 45 (2000)); cf. Kerr, 526 F.2d at 69–70. "[T]he trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof." Ketchum, 24 Cal.4th at 1138 (emphasis in original); accord Perdue, 559 U.S. at 553.

Plaintiff requests that the Court enhance the lodestar by a multiplier of 2.5 in order to adequately compensate counsel based on the following factors. First, plaintiff contends that his counsel achieved an "exceptional result" by securing a jury verdict for 117 percent of the requested damages. Mot. at 21. Second, plaintiff asserts that this case involved significant contingent risk because defendant mounted a vigorous defense based on the testimony of numerous eyewitnesses and documentary evidence; plaintiff had no witnesses to corroborate his testimony; and there was potential jury prejudice on account of plaintiff's ethnicity and limited English proficiency. Id. at 21–22; Reply at 19–21. Third, plaintiff argues that this case advanced the public interest because "presumably" DHL will reexamine its employment practices regarding meal and rest breaks and the "driving public" will be safer without exhausted truck drivers on the roads. Mot. at 22–23. Fourth, plaintiff indicates that both Otto and Ashkinadze and were precluded from taking on additional clients because of the complexity and length of this case. Id. at 23;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

see Otto Decl. ¶ 9; Ashkinadze Decl. ¶¶ 6, 10. Finally, plaintiff argues that the "undesirability and large risks inherent in this case" together with the "skill displayed in presenting it" supports the application of a multiplier. Id. at 23–24. Plaintiff asserts that the case involved "nuanced issues" and his counsel secured an exceptional result based in large part on their preparation, skill and expertise. Id. at 24.

Exercising its discretion, the Court finds that the foregoing factors do not warrant a departure from the strong presumption that the lodestar provides the appropriate fee amount. Although the jury awarded damages in excess of plaintiff's request, the Court does not find that the results obtained at trial or the legal skill required in presenting plaintiff's claims were "exceptional." In addition, plaintiff's wrongful termination and disability discrimination claims under FEHA did not involve novel or complex issues of law. See Jadwin, 767 F. Supp. 2d at 1137 (finding a multiplier unjustified in a contingency case under FEHA because the "litigation was not exceedingly novel and counsel did not demonstrate 'exceptional' skill"). Moreover, plaintiff does not present evidence that his individual case, while important, significantly advanced the public interest. Although counsel may have declined to take on some additional cases, their billing records do not indicate that the litigation significantly precluded other employment. Finally, a multiplier is not necessary to account for the contingent risk presented in this case. Although defendant had several eyewitnesses and documentary evidence, the difficulty of overcoming that defense is largely accounted for in the lodestar—in particular, the relatively high number of hours expended by counsel preparing for trial. Moreover, unlike cases where a multiplier is applied in contingency fee litigation spanning several years at the trial court level, this litigation spanned approximately two years from filing to trail without significant motions practice or discovery disputes.[2] Balancing these factors, the Court finds that the lodestar adequately

---

[2] At oral argument, plaintiff's counsel cited Fischel v. Equitable Life Assur. Soc'y of U.S. for the proposition that "[i]t is an abuse of discretion to fail to apply a risk multiplier . . . when (1) attorneys take a case with the expectation that they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence that the case was risky." 307 F.3d 997, 1008 (9th Cir. 2002). However, Fischel did not involve an individual FEHA claim but rather the common fund doctrine, under which federal courts may award fees to prevailing litigants who confer a common benefit upon a class of individuals not participating in the litigation. Here, in contrast, the California Supreme Court has emphasized that a "trial court is not *required* to include a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:15-cv-05510-CAS(Ex) | Date | May 21, 2018 |
|---|---|---|---|
| Title | SALVADOR NAVARRO V. DHL GLOBAL FORWARDING ET AL. | | |

compensates counsel for their work on this case and accordingly declines to apply the requested multiplier.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** plaintiff's motion for reasonable attorneys' fees in the amount of $616,687.50.

Specifically, the Court awards James A. Otto $512,850 in fees based on 789 hours at a billing rate of $650 per hour and Regina Ashkinadze $103,837.50 in fees based on 230.75 hours at a billing rate of $450 per hour.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

fee enhancement to the basic lodestar figure for contingent risk." <u>Ketchum</u>, 24 Cal.4th at 1138 (emphasis in original).